# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　**Plaintiff,**<br><br>　**vs.**<br><br>**RICK PEMBLE,**<br><br>　　　　　　　**Defendant.** | **8:04CR374**___<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 49, filed by the Defendant, Rick Pemble. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After pleading guilty to the offense of attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, the Defendant received a sentence of 188 months incarceration, to be followed by five years of supervised release. ECF No. 45. The Defendant did not appeal the conviction or sentence.

In the § 2255 Motion, the Defendant asserts that the sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___,

135 S. Ct. 2551 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

In *Beckles v. United States*, 580 U.S. ___, No. 15-8544, 2017 WL 85578 (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of USSG § 4B1.2(a), which contained language identical to the residual clause in the ACCA[1], are not subject to vagueness challenges under the Due Process Clause.

A review of the Defendant's Presentence Investigation Report ("PSR"), ECF No. 41, reveals that the Defendant received a sentencing enhancement under U.S.S.G. § 4B1.1 due to a prior crime of violence, *i.e.*, burglary, which the Defendant contends fell within the scope of the residual clause of USSG § 4B1.2(a).

In light of the Supreme Court's decision in *Beckles,* the Defendant's argument lacks merit and the § 2255 Motion will be summarily dismissed.

THEREFORE, IT IS ORDERED:

---

[1] Before its amendment on November 1, 2016, USSG § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another*." (Emphasis added to residual clause.)  The identical language is contained in the ACCA at 18 ID.S.C. § 924(e)(2)(B)(ii).

2

3

1.  That the Court completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2.  For the reasons stated above, the § 2255 Motion, ECF No. 49, will be summarily dismissed;

3.  A separate Judgment will be entered; and

4.  The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 4th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge